Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3409 | **DATE** | 5/23/13 |
| **CASE TITLE** | Brandon Brown (#2012-1102219) vs. Medical Staff Cermak Hospital, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at Cook County Jail. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint (along with a judge's copy and service copies for Defendants) within 30 days of the date of this order. His failure to submit an amended complaint in accordance with this order will result in summary dismissal of this case. The clerk shall send Plaintiff an amended complaint form.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Brandon Brown, currently incarcerated at Cook County Jail, has filed a *pro se* 42 U.S.C. § 1983 civil rights action. He names as Defendants the Medical Staff at Cermak Hospital, Sheriff Tom Dart, and Superintendent Thomas and alleges that he broke his wrist in August 2012 and subsequently received inadequate medical care. Without specifying how each Defendant was involved, Plaintiff asserts that he filled out medical request slips, had appointments to see a doctor, but his appointment dates and complaints were disregarded. According to Plaintiff, "they" prevented him from obtaining treatment by constantly "shipping [him] out of the county." (Compl. at 4.)

Plaintiff's *in forma pauperis* ("IFP") motion shows that he is unable to pre-pay the filing fee and is granted. Plaintiff is assessed an initial partial filing fee of $19.20. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The Court has conducted its preliminary review in accordance with 28 U.S.C. § 1915A. The current complaint cannot proceed. To satisfy the notice-pleading requirement of Fed. R. Civ. P. 8(a)(2), a complaint provide each defendant with fair notice of "what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Although Plaintiff states that the Defendants provided inadequate care for his broken wrist, he provides little to no information as to how they were involved. "[T]he factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citation omitted). If Plaintiff names supervisory officials, perhaps to assert an unconstitutional

13 C 3409 Brandon Brown (#2012-1102219) vs. Medical Staff Cermak Hospital, et al.  Page 1 of 2

| STATEMENT |
|---|

policy or custom at the jail with providing medical care, he must provide some information as to how they were involved or why they are being named as Defendants. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("[a] prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted-if it names the persons responsible for the problem"). As to the Medical Staff at Cermak, it is not an entity with its own legal existence, and thus not a suable entity that can be named as Defendant. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

     Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that clearly states his claims and that provides information as to how each Defendant was involved or responsible. The clerk shall forward to Plaintiff an amended complaint form. Plaintiff's failure to comply with this order within 30 days of the date of this order will result in summary dismissal of this case. Plaintiff is advised that an amended complaint replaces previous filed complaints and must stand complete on its own. The Court will refer only to the amended complaint to determine the claims and parties of the case. Also, Plaintiff must submit a judge's copy, as well as a service copy for each Defendant. The Clerk shall provide Plaintiff with an amended complaint form, and additional forms may be requested if needed.