IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brandon Brown, <br><br> Plaintiff(s), <br><br> v. <br><br> Thomas Dart et al, <br><br> Defendant(s). | Case No. 13 cv 3409 <br> Judge Jeffrey T. Gilbert |

## ORDER

The hearing on Defendants' Joint Motion to Strike Plaintiff's First Requests to Admit [77] noticed for 6/12/14 [78] is stricken. Defendants failed to comply with this Court's three-day notice rule for motions. The parties should take note of the three-day notice rule for future motions. Defendants' Joint Motion to Strike [77] is granted in part and denied in part. See Statement below for further details.

## STATEMENT

The Court will not strike Plaintiff's First Requests to Admit and Defendants' Motion is denied in that respect. Defendants argue that Plaintiffs' requests to admit are not timely because they were served after the close of discovery. Requests to Admit, however, though included in the chapter of the Federal Rules of Civil Procedure titled "Disclosures and Discovery," are strictly speaking not discovery devices. See Kelly v. McGraw-Hill Companies, Inc., 279 F.R.D. 470 (N.D. Ill. 2012) (Shadur, J.). They are sui generis and, at the very least, hybrid creatures designed to narrow issues for trial and tie down facts that may have been adduced during discovery so they need not be separately established with evidence submitted at trial. If a party fails to admit that a document is genuine or a matter is true, and the requesting party later proves the document to be genuine or the matter is true, then the responding party can be ordered to pay the requesting party's reasonable attorneys' fees and expenses in having to prove those matters at trial. Fed.R.Civ.P 37(c)(2). As such, although requests to admit may be served during the time allowed for discovery, they also can be served appropriately at other times during the progress of a case. Accordingly, the Court disagrees that Plaintiff's requests to admit are untimely for the reasons argued by Defendants in their Motion to Strike.

The Court has reviewed Plaintiff's requests to admit attached as an exhibit to Defendants' Motion to Strike. The requests to admit the authenticity of documents clearly are designed to narrow issues for trial. The remaining requests to admit, on balance, also appear to be designed to limit the need to prove-up certain facts at trial that Plaintiff, at least, believes have been adduced during discovery. Accordingly, Defendants will be required to respond to the requests to admit in accordance with Rule 36 of the Federal Rules of Civil Procedure. By requiring Defendants to respond, however, the Court expresses no opinion as to whether any of the

requests to admit are otherwise objectionable under Rule 36 or for any other reason not discussed herein.

Defendants are granted an additional thirty (30) days to respond to Plaintiff's First Requests to Admit.

It is so ordered.

Date: 6/11/2014

Magistrate Judge Jeffrey T. Gilbert